IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:05-cr-00007-MP-AK

DONALD CLAYTON TOWNS,

    Defendant.

_____/

**O R D E R**

This matter came before the Court for sentencing on June 24, 2005.  As stated in open court, this Court desires more information than is presently available as a basis for determining the mental condition of Defendant before sentencing continues.  Furthermore, it is the opinion of this Court that there is reasonable cause to believe that Defendant, Donald Clayton Towns, may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility.  Accordingly, it is hereby

    **ORDERED AND ADJUDGED**:

    1. Sentencing is continued and a new date will be set by separate notice.

    2. A psychiatric or psychological examination of Defendant shall be conducted pursuant to 18 U.S.C. § 3552(c) and 18 U.S.C. § 4244(b).

    3. The examination shall be conducted by a licensed or certified psychiatrist or psychologist as required by 18 U.S.C. § 4247(b).

    4. The examination shall determine whether at this time there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect as a result of which he is in need of custody for care or treatment in a suitable facility. This examination

shall be conducted as soon as practicable upon arrival at the facility.

     5. The appropriate authorities of the facility shall render as soon as practicable a written report with respect to the matters set forth above. This report shall be filed with the Court, with copies provided to Defendant's lawyer, Thomas E. Miller, and the Assistant United States Attorney, Corey J. Smith. The report shall include:

     a. The defendant's history and present symptoms;

     b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

     c. The examiner's findings; and

     d. The examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect as a result of which he is in need of custody for care or treatment in a suitable facility.

     e. Any recommendation the examiner may have as to how the mental condition of the defendant should affect the sentence.

     6. Pursuant to 18 U.S.C. § 4247(b), the defendant is committed to the custody of the Attorney General or his designated representative for placement in a suitable facility in accordance with the guidelines established by 18 U.S.C. § 4247(i). The period of commitment is for such period of time as needed to fulfill the requirements of this order, but not to exceed thirty days. The statutory commitment period provided in 18 U.S.C. § 4247(b) shall not commence until the day the defendant arrives at the facility for evaluation.

     7. The United States Marshal is directed to transport the defendant to the designated facility at the earliest possible time and in the most expeditious manner for this evaluation.

8. The Government shall keep the Court and the defendant's lawyer, Thomas E. Miller, apprised of the status of the defendant's examination.

9. The clerk is directed to provide a certified copy of this order to the United States Marshal's Office in Gainesville, Florida.

**DONE AND ORDERED** this  *29th*  day of June, 2005

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge